JS 44 (Rev. 10/20) **CIVIL COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

KHADEEJAH EDWARDS

**DEFENDANTS**

WURZAK HOTEL GROUP MARK, LLC

**(b)** County of Residence of First Listed Plaintiff  Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Mary Kramer; Murphy Law Group, LLC; Eight Penn Center, Suite 2000, 1628 John F. Kennedy Blvd., Philadelphia. PA 19103: 267-273-1054

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| | | | ☐ 790 Other Labor Litigation | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | | |
|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. § 2000gg, et seq.; 42 U.S.C. § 2000e, et seq.; 42 U.S.C. § 12101, et seq.; 29 U.S.C. 2601, et seq.

Brief description of cause:
PREGNANCY/SEX/DISABILITY DISCRIMINATION, RETALIATION, & FAILURE TO ACCOMMODATE; FMLA INTERFERENCE & RETALIATION

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| May 5, 2026 | /s/ Mary Kramer |

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: 4200 City Avenue, Philadelphia, PA 19131 _____

---

***RELATED CASE IF ANY:*** Case Number:_____ Judge:_____

1. Does this case involve property included in an earlier numbered suit?                                          Yes ☐

2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?          Yes ☐

3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?   Yes ☐

4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual?   Yes ☐

5. Is this case related to an earlier numbered suit even though none of the above categories apply?   Yes ☐
   If yes, attach an explanation.

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

**A.** *Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Wage and Hour Class Action/Collective Action
☐ 6. Patent
☐ 7. Copyright/Trademark
☒ 8. Employment
☐ 9. Labor-Management Relations
☐ 10. Civil Rights
☐ 11. Habeas Corpus
☐ 12. Securities Cases
☐ 13. Social Security Review Cases
☐ 14. Qui Tam Cases
☐ 15. Cases Seeking Systemic Relief **\*see certification below\***
☐ 16. All Other Federal Question Cases. *(Please specify)*:_____

**B.** *Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify)*:_____
☐ 7. Products Liability
☐ 8. All Other Diversity Cases: *(Please specify)*_____
   _____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒  Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐  None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

-----------------------------------------------------------------

KHADEEJAH EDWARDS                          :
4920 City Avenue, A208                      :
Philadelphia, PA 19131                      :        Civil Action No. : _____
                                            :
                    Plaintiff,              :        **JURY TRIAL DEMANDED**
                                            :
        v.                                  :
                                            :
WURZAK HOTEL GROUP MARK, LLC                :
4200 City Avenue                            :
Philadelphia, PA 19131                      :
                                            :
                    Defendant.              :

-----------------------------------------------------------------

## COMPLAINT – CIVIL ACTION

Plaintiff Khadeejah Edwards ("Plaintiff"), by and through her undersigned attorney, for her Complaint against Defendant Wurzak Hotel Group Mark, LLC ("Defendant"), alleges as follows:

### INTRODUCTION

1.      Plaintiff brings this Complaint contending that Defendant violated the Pregnant Workers Fairness Act ("PWFA"), 42 U.S.C. § 2000gg, *et seq.*, Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.* as amended by the Pregnancy Discrimination Act ("PDA"), the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*, and the Pennsylvania Human Relations Act ("PHRA") 43 P.S. § 951, *et seq.* by discriminating and retaliating against her as well as by terminating her employment because of her sex, pregnancy, pregnancy-related medical conditions, and requests/need for pregnancy-related accommodations in connection thereto.

2.      Plaintiff further contends Defendant violated the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq.*, by interfering with Plaintiff's FMLA rights/benefits and by terminating Plaintiff's employment in retaliation for Plaintiff attempting to exercise her rights under the FMLA.

## PARTIES

3.      Plaintiff, Khadeejah Edwards, is a citizen of the United States and Commonwealth of Pennsylvania, currently residing at 4920 City Avenue, A208, Philadelphia, PA 19131.

4.      Defendant, Wurzak Hotel Group Mark, LLC, is a for profit corporation organized and existing under the laws of the Commonwealth of Pennsylvania with a registered office address and principal place of business located at 4200 City Avenue, Philadelphia, PA 19131.

## JURISDICTION AND VENUE

5.      Paragraphs 1 through 4 are hereby incorporated by reference as though the same were fully set forth at length herein.

6.      On or about January 30, 2025, Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC"), which was dual-filed with the Pennsylvania Human Relations Commission ("PHRC"), thereby satisfying the requirements of 42 U.S.C. § 2000e5(b) and (e). Plaintiff's EEOC charge was docketed as EEOC Charge No. 530-2025-03321. Plaintiff's EEOC charge was filed within one-hundred and eighty (180) days of the unlawful employment practice.

7.      On August 5, 2025, the EEOC issued a Determination of Reasonable Cause in Plaintiff's favor.

8. By correspondence dated April 7, 2026, Plaintiff received a Notice of Right to Sue from the EEOC regarding her Charge, advising that Plaintiff had ninety (90) days to file suit against Defendant.

9. Plaintiff has therefore exhausted her administrative remedies and has complied with all conditions precedent to maintain this action.

10. This is an action authorized and instituted pursuant to the PWFA, Title VII, PDA, ADA, PHRA, and FMLA.

11. Plaintiff filed the instant action within the statutory time frame applicable to her claims.

12. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343, as it is a civil rights action arising under the laws of the United States.

13. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. 1367, as those claims arise out of the same common nucleus of operative facts as her federal claims.

14. The venue in this district is proper to 28 U.S.C. § 1391, as the unlawful practices of which Plaintiff is complaining were committed in this district within the Commonwealth of Pennsylvania.

## **FACTUAL BACKGROUND**

15. Paragraphs 1 through 14 are hereby incorporated by reference as though the same were fully set forth at length herein.

16. Plaintiff began her employment with Defendant in or around January 2024, in the position of Front Desk Agent.

17. When Defendant hired Plaintiff to work as a Front Desk Agent, Plaintiff was one month pregnant.

18. Plaintiff let Defendant's Hiring Manager, Mindy LNU (Last Name Unknown), know that she would need to go out on maternity leave in or around July of 2024.

19. Throughout her employment, Plaintiff performed her job well, receiving positive reviews of her performance, occasional praise, and no justifiable discipline.

20. As Plaintiff's pregnancy progressed, it became more difficult for Plaintiff to remain on her feet during her entire shift due to pregnancy related back pain.

21. Plaintiff asked her Supervisor with Defendant, Nick Maida ("Mr. Maida"), if she could have a chair and Mr. Maida told Plaintiff no.

22. Taking it a step further, Mr. Maida removed the chairs from the back room, which is behind Defendant's front desk lobby.

23. Providing a pregnant employee with a stool on which to sit is a reasonable accommodation under the PFWA, as specifically identified by the EEOC; it is also a reasonable accommodation under the ADA and PHRA.

24. On or about May 28, 2024, Plaintiff reported Mr. Maida's treatment to Defendant's Vice President of Operations, Ben Graupen ("Mr. Graupen").

25. Mr. Graupen forwarded Plaintiff's report to the Vice President of People & Culture, Kelly Makino ("Ms. Makino").

26. Plaintiff met with Ms. Makino on or about May 30, 2024, but was essentially dismissed.

27. On or about May 31, 2024, Plaintiff saw her OB/GYN and because of complications related to her pregnancy, Plaintiff's OB/GYN placed Plaintiff on work restrictions

and provided her with a note requesting the following reasonable accommodations: (1) access to a stool or chair during Plaintiff's shift; (2) free access to a restroom as needed for bathroom breaks; and (3) no lifting greater than 25lbs.

28. When Plaintiff returned to work for her next shift after the appointment with her OB/GYN, in or around early June 2024, Plaintiff gave her doctor's note to Mr. Maida.

29. Mr. Maida denied Plaintiff's reasonable accommodation request without any discussion or justification, simply saying that Plaintiff could not sit down.

30. The rest of the accommodations Plaintiff's doctor recommended were not addressed at all; Mr. Maida focused primarily on the request that Plaintiff be permitted to have access to a stool or chair during her shift.

31. Plaintiff then provided a copy of her note to Ms. Makino, Mr. Graupen, and Defendant's HR Manager, Tia Williams ("Ms. Williams").

32. Ms. Makino claimed that Plaintiff's accommodations had already been provided by Mr. Maida.

33. To be clear, Plaintiff was never provided a stool or chair behind the front desk on which to sit during her shift.

34. Defendant's only offered solution was to have Plaintiff leave the front desk during down time, when there were no customers anywhere in the lobby, and sit on a bench that was available for customers, if Plaintiff needed to "sit down for few moments."

35. This proposed accommodation, which was offered before Plaintiff's doctor's note was available, was not in line with the requirements of the PWFA or the ADA.

36. On or about July 2, 2024, Plaintiff notified Ms. Williams that she would be starting her maternity leave on or about July 5, 2024.

37.     Plaintiff had spoken with Defendant about this before and provided necessary documentation to keep them informed.

38.     Plaintiff also expressed an interest in FMLA, but made it clear that she intended to return to work.

39.     Upon leaving for her maternity leave in July of 2024, Plaintiff spoke with Ms. Williams and Tim LNU (Last Name Unknown), to tell them she was leaving.

40.     Plaintiff told Ms. Williams and Defendant's Front Desk Manage, Alexander LNU (Last Name Unknown), that she was going out on maternity leave but intended to return in or around early September of 2024.

41.     On or about September 1, 2024, Plaintiff received a call from Alexander LNU and Ms. Williams.

42.     Plaintiff thought the call was to discuss her return to work.

43.     To Plaintiff's surprise, instead of discussing her return to work, they told Plaintiff that her position was not available anymore and that Plaintiff would have to file for unemployment.

44.     Plaintiff was not given a reason for her termination from employment.

45.     Based on the foregoing, it is believed and therefore averred that Defendant terminated Plaintiff's employment because of her pregnancy, sex, pregnancy-related medical issues, and need/requests for pregnancy-related accommodations, in violation of the PWFA, Title VII, PDA, ADA, and PHRA.

46.     Additionally, it is believed and averred that Defendant violated the FMLA by terminating Plaintiff's employment to prevent and interfere with her right to take FMLA leave upon eligibility as well as in retaliation for Plaintiff seeking future FMLA leave.

47.    As a result of Defendant's deliberate, willful, malicious, and unlawful actions, Plaintiff has suffered damages, including, but not limited to, loss of employment, promotions, benefits, earnings and earnings potential, potential benefits, and also has suffered other economic damages, mental anguish, emotional pain and suffering, emotional distress, humiliation and damage to reputation and career.

**COUNT I**
**PREGNANT WORKERS FAIRNESS ACT ("PWFA")**
**42 U.S.C. 2000gg *et seq.***
**<u>DISCRIMINATION, RETALIATION, & FAILURE TO ACCOMMODATE</u>**

48.    Paragraphs 1 through 47 are hereby incorporated by reference as through the same were fully set forth at length herein.

49.    Defendant violated the PWFA by failing to engage in the interactive process and failing to make reasonable accommodations to known limitations related to Plaintiff's pregnancy and related medical conditions.

50.    Defendant violated the PWFA by terminating Plaintiff's employment based on Defendant's obligation to make reasonable accommodations related to Plaintiff's pregnancy and related medical conditions.

51.    Defendant violated the PWFA by terminating Plaintiff's employment on account of Plaintiff requesting and/or using a reasonable accommodation(s) related to her pregnancy and related medical conditions.

52.    As a result of Defendant's deliberate, willful, malicious, and unlawful actions, Plaintiff has suffered damages, including, but not limited to, loss of employment, earnings, and benefits as well as other economic damages, mental anguish, emotional distress, humiliation, and damage to reputation and career.

**WHEREFORE**, as a result of the unlawful conduct of Defendant, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant, and grant her the maximum relief allowed by law, including, but not limited to:

A.      Back wages and front pay in an amount to be determined at trial;

B.      Compensatory, punitive, and/or exemplary damages in an amount to be determined at trial, but sufficient to punish Defendant for its intentional, willful, negligent, wanton, and/or malicious conduct;

C.      Plaintiff's costs, disbursements, and attorneys' fees incurred in prosecuting this matter;

D.      Pre-judgment interest in an appropriate amount; and

E.      Such other and further relief as is just and equitable under the circumstances.

## COUNT II
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 ("Title VII")
### 42 U.S.C. § 2000e, *et seq*.
### PREGNANCY & SEX DISCRIMINATION

53.      Paragraphs 1 through 52 are hereby incorporated by reference as though the same were fully set forth at length herein.

54.      Defendant violated Title VII by discharging Plaintiff and discriminating against her because of her sex, pregnancy, and related medical conditions.

55.      As a result of Defendant's deliberate, willful, malicious, and unlawful actions, Plaintiff has suffered damages, including, but not limited to, loss of employment, earnings, and benefits as well as other economic damages, mental anguish, emotional distress, humiliation, and damage to reputation and career.

**WHEREFORE,** as a result of the unlawful conduct of Defendant, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant, and grant her the maximum relief allowed by law, including, but not limited to:

A. Back wages and front pay, in an amount to be determined at trial;

B. Compensatory, punitive, and/or exemplary damages in an amount to be determined at trial, but sufficient to punish Defendant for its intentional, negligent, willful, wanton, and/or malicious conduct;

C. Plaintiff's costs, disbursements, and attorneys' fees incurred in prosecuting this action;

D. Pre-judgment interest in an appropriate amount; and

E. Such other and further relief as is just and equitable under the circumstances.

<strong>COUNT III<br>
AMERICANS WITH DISABILITIES ACT<br>
42 U.S.C. § 12101, <em>et seq.</em><br>
<u>DISCRIMINATION, RETALIATION, & FAILURE TO ACCOMMODATE</u></strong>

56. Paragraphs 1 through 55 are hereby incorporated by reference as though the same were fully set forth at length herein.

57. Plaintiff is a qualified individual who suffered disabilities related to her pregnancy.

58. Defendant was aware of Plaintiff's pregnancy related impairments and/or regarded Plaintiff as being disabled.

59. Defendant violated the ADA by discriminating and retaliating against Plaintiff as well as by terminating her employment because of her actual and/or perceived pregnancy related disabilities, because of her record of impairment, and because she required and requested reasonable accommodations for her pregnancy-related disabilities/impairments.

60. Additionally, Defendant violated the ADA by failing to accommodate Plaintiff and failing to engage in the interactive process.

61. As a result of Defendant's deliberate, willful, malicious, and unlawful actions, Plaintiff has suffered damages, including, but not limited to, loss of employment, earnings, and benefits as well as other economic damages, mental anguish, emotional distress, humiliation, and damage to reputation and career.

**WHEREFORE**, as a result of the unlawful conduct of the Defendant, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant and grant the maximum relief allowed by law, including, but not limited to:

A. Back wages and front pay, in an amount to be determined at trial;

B. Compensatory, punitive, and/or exemplary damages in an amount to be determined at trial, but sufficient to punish Defendant for its intentional, negligent, willful, wanton, and/or malicious conduct;

C. Plaintiff's costs, disbursements, and attorneys' fees incurred in prosecuting this action;

D. Pre-judgment interest in an appropriate amount; and

E. Such other and further relief as is just and equitable under the circumstances.

**COUNT IV**
**PENNSYLVANIA HUMAN RELATIONS ACT ("PHRA")**
**43 P.S. § 951,** *et seq.*
**DISCRIMINATION, RETALIATION, & FAILURE TO ACCOMMODATE –**
**PREGNANCY, SEX, DISABILITY/HANDICAP**

62. Paragraphs 1 through 61 are hereby incorporated by reference as though the same were fully set forth at length herein.

63. Defendant violated the PHRA by discriminating and retaliating against Plaintiff as well as by terminating her employment because of her pregnancy, sex, pregnancy-related disabilities and handicaps, and her need/requests for accommodation.

64. Further, Defendant failed to engage in the interactive process and failed to accommodate Plaintiff, in violation of the PHRA.

65. The conduct described above constitutes a violation of the PHRA and affords Plaintiff the opportunity to seek any and all remedies available under said Act.

66. As a result of Defendant's deliberate, willful, malicious, and unlawful actions, Plaintiff has suffered damages, including, but not limited to, loss of employment, earnings, and benefits as well as other economic damages, mental anguish, emotional distress, humiliation, and damage to reputation and career.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant and grant the maximum relief allowed by law, including, but not limited to:

A. Back wages and front pay, in an amount to be determined at trial;

B. Compensatory, punitive, and/or exemplary damages in an amount to be determined at trial, but sufficient to punish Defendant for its intentional, negligent, willful, wanton, and/or malicious conduct;

C. Plaintiff's costs, disbursements, and attorneys' fees incurred in prosecuting this action;

D. Pre-judgment interest in an appropriate amount; and

E. Such other and further relief as is just and equitable under the circumstances.

**COUNT V**
**FAMILY AND MEDICAL LEAVE ACT ("FMLA")**

**29 U.S.C. 2601,** *et seq.*
**INTERFERENCE & RETALIATION**

67.    Paragraphs 1 through 66 are hereby incorporated by reference as though the same were fully set forth at length herein.

68.    Upon information and belief, Defendant is an employer within the meaning of the FMLA.

69.    Plaintiff was to become eligible and entitled to FMLA shortly after Defendant terminated her employment.

70.    Shortly before her termination, Plaintiff provided adequate notice to Defendant of her need for FMLA leave after she became eligible.

71.    Defendant terminated Plaintiff in retaliation for her pre-eligibility request for post-eligibility FMLA-qualifying leave.

72.    Defendant interfered with Plaintiff's FMLA rights and benefits by terminating her and preventing her from accessing FMLA leave.

73.    The aforementioned actions of Defendant constitute both interference and retaliation violations of the FMLA.

74.    As a result of Defendant's actions, Plaintiff has suffered loss of employment, earnings, raises, and benefits as well as other significant damages.

**WHEREFORE**, as a result of the unlawful conduct of the Defendant, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant, and grant her the maximum relief allowed by law, including, but not limited to:

A.    Back wages and front pay in an amount to be determined at trial;

B.    Liquidated damages in the maximum amount permitted;

C.      Plaintiff's costs, disbursements, and attorney's fees incurred in prosecuting this action;

D.      Pre-judgment interest in an appropriate amount;

E.      Such other and further relief as is just and equitable under the circumstances; and

F.      Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages as set forth by applicable law.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.

Respectfully submitted,

**MURPHY LAW GROUP, LLC**

By:    */s/ Mary Kramer* _____
      Mary Kramer, Esquire
      1628 John F. Kennedy Blvd., Suite 2000
      Philadelphia, PA 19103
      TEL: 267-273-1054
      FAX: 215-525-0210
      mkramer@phillyemploymentlawyer.com
      *Attorney for Plaintiff*

Dated: May 5, 2026

## DEMAND TO PRESERVE EVIDENCE

The Defendant is hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to her potential claims and her claims to damages, to any defenses to same, including, but not limited to electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spreadsheets, images, cache memory, payroll records, paystubs, time records, timesheets, and any other information and/or data which may be relevant to any claim or defense in this litigation.